UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RAUL VELA,

                Petitioner,

        v.

PATRICK GLEBE,

                Respondent.

NO. CV-11-3020-EFS

**ORDER DENYING RESPONDENT'S
MOTION FOR RECONSIDERATION**

## I.  INTRODUCTION

The Court held a telephonic hearing on Respondent's Motion to Dismiss, ECF No. 9, on September 21, 2011.  Petitioner Raul Vela was present, and Assistant Washington State Attorney General Ronda Larson appeared on behalf of Respondent Patrick Glebe.  At the hearing, the Court orally denied the motion to dismiss, ECF No. 16, and subsequently memorialized that ruling in a written Order, ECF No. 28.  Respondent timely moved for reconsideration of the Court's ruling.  ECF No. 17.  Having reviewed the pleadings filed in this matter and the authorities cited therein, the Court is fully informed.  For the reasons set forth below, the Court denies Respondent's motion for reconsideration.

//

//

ORDER ~ 1

## II.  BACKGROUND

Petitioner was convicted of attempted first degree burglary and second degree burglary in Yakima County Superior Court on April 15, 2008. On July 11, 2008, Petitioner was sentenced to a term of ninety-nine months on the attempted first degree burglary charge and eighty months on the second degree burglary charge.  Both counts included a twelve-month enhancement for possessing a deadly weapon in furtherance of the crime.  Petitioner appealed to the Washington Court of Appeals, asserting there was insufficient evidence presented to sustain the underlying burglary convictions and the deadly weapon enhancements.  On February 9, 2009, the Washington Court of Appeals affirmed his conviction. Petitioner promptly sought discretionary review by the Washington Supreme Court, but his petition for review was denied on October 6, 2010.

Petitioner subsequently sought a writ of habeas corpus under 28 U.S.C. § 2254 from this Court on February 18, 2011, ECF No. 1.  At the direction of the Court, *see* ECF No. 4, Petitioner amended his petition on May 4, 2011, ECF No. 5, to assert a single claim: that the application of the deadly weapon enhancement to his sentence was not supported by sufficient evidence, thereby violating his Fourteenth Amendment right to due process.  The Court directed service of the habeas petition on the Attorney General for the State of Washington.  ECF No. 6.

On July 22, 2011, Respondent moved to dismiss the petition, ECF No. 9.  Respondent claimed that Petitioner failed to properly exhaust his deadly-weapon insufficient-evidence claim in state court.  Although Respondent concedes that Petitioner properly raised his claim on federal constitutional grounds before the Washington Supreme Court, which denied

discretionary review, Respondent asserts that Petitioner only raised his claim on state constitutional grounds before the Washington Court of Appeals.  According to Respondent, because Petitioner failed to allege federal grounds for relief in his direct appeal, Petitioner's claim is unexhausted and is now procedurally barred.

During the September 21, 2011 hearing, the Court orally denied Respondent's motion to dismiss.  ECF No. 16.  The Court concluded that Petitioner's citation to *In re Winship*, 397 U.S. 358 (1970), in his brief to the Washington Court of Appeals fairly presented Petitioner's deadly-weapon insufficient-evidence claim on federal grounds.  Accordingly, the Court found that Petitioner had properly exhausted his claim and was entitled to pursue federal habeas relief.  Respondent timely moved for reconsideration.  ECF No. 17.

### III.  DISCUSSION

**A.  Legal Standard**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoner's federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 27 (2004) (internal citations and quotations omitted).  The exhaustion requirement is not jurisdictional, *Fay v. Noia*, 372 U.S. 391, 418 (1963), but rather arises out of comity: "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation omitted).  Thus, a prisoner may not assert a claim in a federal

habeas proceeding unless that claim has first been exhausted before the state's appellate courts.  *Id.; see also* 28 U.S.C. § 2254(b)(1).

To satisfy the exhaustion requirement, a prisoner's claim "must [have been] fairly presented to the state courts." *Id.*  To have "fairly presented" a federal constitutional claim, a habeas petitioner must have adequately "alerted [the state's appellate courts] to the fact that [he is] asserting claims under the United States Constitution." *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995).  If a prisoner does not adequately alert the state court that he is raising a federal constitutional claim, "his federal claim is unexhausted regardless of its similarity to [other claims] raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (1996).

A habeas petitioner's claim is fully exhausted once it has been presented to the state's highest court; however, submitting such a claim "in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  If the state's highest court will not review the merits of a prisoner's claim absent special circumstances, the claim will only be deemed exhausted if it is raised at every level of review in the state court system. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

**B.   Analysis**

Respondent asks the Court to reconsider its earlier ruling denying Respondent's motion to dismiss.  Respondent does not dispute that Petitioner's brief to the Washington Supreme Court fairly presented his deadly-weapon insufficient-evidence claim on federal due process grounds.

ORDER ~ 4

1    *See* Mot. Dismiss & Mem., ECF No. 9, at 9.    However, Respondent contends

2    that Petitioner's supreme court brief did not exhaust his federal habeas

3    claim because it was presented to the Washington Supreme Court in a

4    motion for discretionary review.    Respondent argues that Petitioner was

5    therefore required -- and failed -- to exhaust the claim before the

6    Washington Court of Appeals as well.

7         Respondent asserts that reconsideration is warranted because

8    Petitioner's citation to *In re Winship*, 397 U.S. 361 (1970), only appears

9    once in his brief to the Washington Court of Appeals: in the section

10   which addressed his insufficient-evidence claim with respect to the

11   underlying burglary conviction.    Because Petitioner did not also cite to

12   *In re Winship* within the portion of his brief addressing his deadly-

13   weapon insufficient-evidence claim, Respondent contends that claim was

14   never properly exhausted.

15        As the Court previously concluded during the hearing on Defendant's

16   motion to dismiss, Petitioner's citation to *In re Winship* in his brief

17   to the Washington Court of Appeals fairly presented *both* of his

18   insufficient-evidence claims on federal grounds.    *In re Winship*

19   establishes that proof of guilt beyond a reasonable doubt is necessary

20   under the Due Process Clause to sustain a conviction.    397 U.S. at 368.

21   Petitioner's citation to *In re Winship* is found under part D.II of his

22   brief, which concerns his insufficient-evidence claim for the burglary

23   conviction.    True, Petitioner did not include a separate citation in part

24   D.I of his brief, which addressed the deadly-weapon insufficient-evidence

25   claim.    However, context is vital: Petitioner cited *In re Winship* as

26   authority for the rule that "[i]n a criminal prosecution, due process

1  requires the State to prove every element of the crime charged beyond a

2  reasonable doubt." Appeal Br. 10, Ex. 4 to Mot. Dismiss & Mem., ECF No.

3  9-1, at 63. There is no affirmative indication Petitioner intended this

4  principle, and its supporting citation, to be expressly limited to his

5  claim regarding the underlying burglary conviction, particularly when the

6  legal basis for both claims was identical.

7      It is particularly noteworthy that Petitioner did not separately

8  espouse a "beyond a reasonable doubt" standard in the portion of his

9  brief addressing his deadly-weapon insufficient-evidence claim; in fact,

10  the section of the brief addressing that claim contains no legal standard

11  by which to evaluate the merits of the claim. The Washington Court of

12  Appeals, upon encountering the *In re Winship* insufficient-evidence

13  standard recited in part D.II of Petitioner's brief, undoubtedly

14  recognized that the *In re Winship* "reasonable doubt" standard applied to

15  both the underlying crime and the enhancement. Because Petitioner did

16  not include a separate legal standard in part D.I of his brief, the Court

17  of Appeals had no reason to construe Petitioner's deadly-weapon

18  insufficient-evidence claim as being a purely state-law claim,

19  particularly as his burglary insufficient-evidence claim was explicitly

20  predicated on both federal and state grounds. In sum, the only

21  recitation of the "reasonable doubt" insufficient-evidence standard

22  contained within the four corners of the brief was premised on both

23  federal and state constitutional grounds. While not a model of clear

24  legal drafting, Petitioner's appellate brief adequately raised both of

25  his insufficient-evidence claims on federal grounds; accordingly, the

26

Court finds that the deadly-weapon insufficient-evidence claim was fairly presented and exhausted.

The Court also observes that it remains an open question whether a federal-law claim may be deemed constructively exhausted when a petitioner asserts an *identical* state-law claim in state court:

> The United States Supreme Court has left open the question whether the invocation of a state constitutional provision is adequate to raise a federal claim under the corresponding federal constitutional clause when the state courts treat both claims in an *identical* manner. We need not decide that issue here . . . .

*Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) (emphasis added).

Washington courts have routinely concluded that a due process analysis under the state and federal constitutions is identical. *See, e.g.*, *In re Pers. Restraint of Dyer*, 143 Wn. 2d 384, 394 (2001) ("Washington's due process clause does not afford a broader due process protection than the Fourteenth Amendment"); *In re Pers. Restraint of Matteson*, 142 Wn. 2d 298, 310 (2000) (rejecting the claim that state due process rights are greater than federal due process rights because "there are no material differences between the nearly identical federal and state [due process clauses]"); *State v. Manussier*, 129 Wn. 2d 652, 679 (1996) ("The *Gunwall* factors do not favor an independent inquiry under [the due process clause] of the state constitution"). In fact, Washington has expressly adopted its state constitutional standard for insufficient-evidence due process claims from federal jurisprudence. *See State v. Green*, 94 Wn. 2d 217 (1980) (en banc) (departing from the court's prior "substantial evidence" standard for insufficient-evidence claims, and adopting the "reasonable doubt" standard set forth in *Jackson*

*v. Virginia*, 443 U.S. 307 (1979)).  Because a due process analysis under the U.S. and Washington constitutions would be identical, Petitioner could well argue that his federal insufficient-evidence claim should be deemed constructively exhausted because he raised it on identical state-law grounds.  The Court need not reach this argument, however, having found that Petitioner actually -- rather than constructively -- exhausted his federal deadly-weapon insufficient-evidence claim.

Additionally, Petitioner has a plausible argument that exhaustion of his claim should be excused on the ground of futility.  In *Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981), the Ninth Circuit adopted the futility doctrine, which excuses a prisoner's failure to properly exhaust his claims if there was no possibility the state's courts could have find in his favor.  *Id.* at 236.  As the Ninth Circuit court observed, comity -- the purpose behind the exhaustion doctrine -- is only satisfied if "resort to state courts would serve a useful function," *id.*; conversely, exhaustion serves no purpose "where the doctrine would only create an unnecessary impediment to the prompt determination of individuals' rights." *Id.*

Subsequent decisions by the U.S. Supreme Court, *e.g. Engle v. Isaac*, 456 U.S. 107 (1982), and by the Ninth Circuit*, e.g. Noltie v. Peterson*, 9 F.3d 802 (9th Cir. 1993), have criticized the futility doctrine; however, the Ninth Circuit has declined to overrule *Sweet* or clarify its "residual viability." *Noltie*, 9 F.3d at 805.  At least one post-*Noltie* court, relying on *Lynce v. Mathis*, 519 U.S. 433 (1997), has concluded that the "futility doctrine is most appropriately applied when the [unexhausted] issue involves pure law rather than an issue of fact or a

mixed question of law and fact." *Dement v. Chappell*, No. 1:12-CV-01525-AWI-P, 2012 WL 5186995, at *4 (E.D. Cal. Oct. 18, 2012).

The district court's reasoned interpretation of the futility doctrine's residual viability in *Dement* is sound. The purpose of requiring exhaustion is to ensure that state courts are given sufficient opportunity to correct constitutional errors before federal courts weigh in. The exhaustion doctrine does not serve this purpose when it is indiscriminately wielded to impose Orwellian hurdles on unsuspecting habeas petitioners, hurdles which do not advance the legitimate ends of comity. An insufficient-evidence claim like the one Petitioner raises here, whether asserted under state or federal law, relies on an identical legal standard[1] and an identical body of operative facts. There is no basis for believing that a Washington appellate court, if presented with Petitioner's insufficient-evidence claim framed separately under state and federal law, could possibly reach different conclusions on those alternatives -- or, for that matter, even distinguish between the alternatives in its analysis.[2] *Cf. State v. Fortune*, 128 Wn. 2d 464, 475

---

[1] *See State v. Green*, 94 Wn. 2d 217, 221-22 (1980) (en banc) ("'[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 318 (1979)).

[2] That being said, Respondent still advances the argument that a

(1996) (en banc) (refusing to engage in a separate analysis of federal and state due process claims because the Court's resolution of "the federal due process issue equally disposes of Defendant's state due process challenge"). If the Washington Court of Appeals could not possibly have reached a different conclusion had petitioner explicitly exhausted his claim on federal grounds, then requiring him to do so now -- or, as Respondent urges, finding him procedurally barred from doing so -- is an exercise in abject futility that cannot be justified by the principles of comity.

As with the constructive exhaustion argument above, the Court need not reach the question of whether Petitioner's claim, if it were indeed unexhausted, would nonetheless be viable under the doctrine of futility. The Court concludes that Petitioner fairly presented and exhausted his deadly-weapon insufficient-evidence claim on federal grounds to the Washington Court of Appeals, and Respondent has failed to establish that the Court's prior denial of Respondent's motion to dismiss was in error.

//

//

//

---

federal-law insufficient-evidence claim is substantially different from a state-law insufficient-evidence claim. Mem. Supp. Resp.'s Mot. Recons., ECF No. 18, at 3 ("The claim in [Petitioner]'s federal petition fundamentally alters the legal claim already considered by the state courts." (internal quotation omitted)). Respondent, however, fails to provide any support for this threadbare conclusion.

ORDER ~ 10

1

**IV.   CONCLUSION**

2      Accordingly, **IT IS HEREBY ORDERED:** Respondent's Motion to Reconsider

3 Ruling Denying Motion to Dismiss, **ECF No. 17**, is **DENIED.**

4      **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

5 Order and provide copies to Petitioner and counsel.

6 **DATED** this 6th  day of December 2012.

7

8                          S/ Edward F. Shea
                          _____
                           EDWARD F. SHEA
9                 Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 Q:\EFS\Civil\2011\3020.deny.reconsider.lc2.wpd


ORDER ~ 11